FILED
2026 Mar-02 AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| KIMBERLY A. FORD, ESQ.<br><br>Plaintiff,<br><br>v.<br><br>HONORABLE LILES C. BURKE, in his individual capacity, and the UNITED STATES OF AMERICA,<br><br>Defendants. | CIVIL ACTION NO. 5:26-cv-0255-ECM |

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE

Defendants, the Honorable Liles C. Burke, United States District Judge for the Northern District of Alabama ("Judge Burke"), and the United States move to consolidate the above-captioned case with Case No. 5:26-cv-0284-ECM under Federal Rule of Civil Procedure 42(a) because they involve "common questions of law [and] fact" concerning the plaintiff's efforts to sue both judges for judicial actions taken with respect to her disbarment in the Northern District of Alabama. *See* Fed. R. Civ. P. 42(a).

## BACKGROUND

1. On January 25, 2026, Plaintiff Kimberly A. Ford, Esq. ("Ford") filed a complaint in state court, naming Judge Burke, as the defendant. (Burke Doc. 1-1 at

1[1].) The conduct at issue is Judge Burke's entry of a consolidation order, purportedly without subject matter jurisdiction, and his entry of an order disbarring Ford from the Northern District of Alabama. (*Id*. at 2-3.) Ford's complaint raises seven "counts" against Judge Burke: (1) "declaratory judgment that all post-removal orders are void"; (2) "injunctive relief against further interference," with respect to Ford's state bar licenses; (3) "defamation per se"; (4) "judicial retaliation and abuse of process"; (5) "trespass upon the trust res"; (6) "additional count motion to vacate void order"; and (7) "motion to vacate void order of January 23, 2026." *Id*. at 3-5 (formatting modified). It also seeks both money damages and injunctive relief. (*Ibid*.)

2. The next day, Ford filed a complaint in state court, naming the Honorable R. David Proctor, Senior Judge for the Northern District of Alabama, as the defendant. (Proctor Doc. 1-1 at 1.) The conduct at issue appears to be Judge Proctor's notification to Ford's client in a case pending before him that she could no longer represent the client in the Northern District of Alabama. (*Id*. at 1-2.) Ford's complaint raises the following counts against Judge Proctor: (1) "retaliatory abuse of process"; (2) "defamation and reputational harm"; (3) "violation of state

---

[1] This memorandum will use "Burke Doc." to refer to documents filed in Case No. 5:26-cv-0255-ECM, and "Proctor Doc." to refer to documents filed in Case No. 5:26-cv-0284-ECM.

constitutional rights"; and (4) "ultra vires actions outside judicial function." (*Id*. at 2. (formatting modified).)

3. Judges Burke and Proctor removed their cases to federal court. (Burke Doc. 1; Proctor Doc. 1.)

4. Under the Westfall Act and the Federal Tort Claims Act, the United States substituted itself for Judges Burke and Proctor as the defendant against Ford's common-law tort claims, including her claims of defamation and abuse of process. (Burke Doc. 2; Proctor Doc. 2.)

5. Both cases were assigned to the Honorable Emily C. Marks, United States District Judge for the Middle District of Alabama. (Burke Doc. 5; Proctor Doc. 5.)

6. Ford has stated that she does not oppose consolidation.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 42 permits a district court to consolidate separate actions that involve common questions of law or fact. Fed. R. Civ. P. 42(a). Rule 42 "is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (cleaned up). *Accord Moseley v. Big's Trucking*, 2025 WL 2496197, at *3 (M.D. Ala. Aug. 29, 2025). "A district court's decision under Rule

42(a) is purely discretionary." *Hendrix*, 776 F.2d at 1495. "District court judges in [the Eleventh Circuit] have been urged to make good use of Rule 42(a) in order to . . . eliminate unnecessary repetition and confusion." *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995) (cleaned up). Consolidation is appropriate for "two or more cases involving the same parties and issues, simultaneously pending in the same court." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765–66 (11th Cir. 1995).

## DISCUSSION

Consolidation of Judge Burke's and Judge Proctor's cases is appropriate because of the significant overlap in applicable facts and law. *See Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2014) (affirming consolidation where plaintiffs "all brought the same claims based largely on the same facts").

Ford's complaints against both judges stem from Judge Burke's order disqualifying her from practicing in the Northern District of Alabama. (*See* Burke Doc. 1-1, at 2-3; Proctor Doc., 1-1 at 1-2.) Because Judge Burke entered the order and Judge Proctor implemented it, Ford charges both judges with acting beyond their subject-matter jurisdiction, engaging in defamation, and committing abuse of process. (*Compare* Burke Doc. 1-1, at 4-5 *with* Proctor Doc. 1-1, at 2.) In turn, Judge Burke, Judge Proctor, and the United States will raise substantially similar defenses, including a lack of subject-matter jurisdiction under the FTCA, and absolute judicial

4

immunity. The same judge will preside over both cases and the same counsel will appear in both. Therefore, "as a matter of convenience and economy in administration," consolidation is justified. *See Hall v. Hall*, 584 U.S. 59, 70 (2018).

                                                  CATHERINE L. CROSBY
                                                  ACTING UNITED STATES
                                                  ATTORNEY

                                                  /s/
                                                Praveen Krishna
                                                Assistant U.S. Attorney
                                                U.S. Attorney's Office
                                                1801 Fourth Avenue North
                                                Birmingham, Alabama 35203
                                                (205) 244-2001

CERTIFICATE OF SERVICE

I certify that on March 2, 2026, I served a copy of the above on the Plaintiff by sending a copy by certified mail to:

Kimberly A. Ford, Esq.
470 Providence Main, Suite 302C
Huntsville, AL 35806

/s/
Praveen Krishna
Assistant United States Attorney