FILED

2026 May-11 PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY A FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 5:26-CV-255-ECM-KFP |
| | ) | |
| HONORABLE LILES C BURKE, and | ) | |
| the UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| ------------------------------------------------- | | |
| KIMBERLY A FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 5:26-CV-284-ECM-KFP |
| | ) | |
| R DAVID PROCTOR, and the | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This consolidated action arises from the disbarment of Plaintiff from the bar of the

Northern District of Alabama and from the enforcement of that order in a separate action.

Before the Court is Defendants' Motion to Dismiss (Doc. 10) and supporting brief (Doc.

11), *Kimberly A Ford v. Hon. R David Proctor*, Case No. 5:26-CV-284-ECM-KFP, (Doc.

8),[1] and Plaintiff's Motion for Leave to File Previously Tendered Motion to Remand and

---

[1] This consolidated case is comprised of *Kimberly A Ford v. Hon. Liles C. Burke*, 5:26-cv-255-ECM-KFP (Doc. 1-1), and *Kimberly A Ford v. Hon. R David Proctor*, Case No. 5:26-cv-284-ECM-KFP (Doc. 1-1). For ease of reference and because they are identical, throughout this Recommendation, when referencing Defendants' arguments in *Ford I* and *Ford II*, in the Motion to Dismiss, Supporting Brief, and response,

Motion to Set Aside Westfall Certification, to Deem Threshold Objections Preserved, and to Hold Further Merits Action in Abeyance. Doc. 13. Attached to this motion is Plaintiff's response to Defendants' Motion to Dismiss. Doc. 13-3. Defendants filed a response (Doc. 17), and Plaintiff replied (Doc. 18). Plaintiff's response in opposition to the Motion to Dismiss (Doc. 13-3) is untimely; it was filed on April 6, 2026, but her opposition was due on March 30, 2026. Doc. 12. Nevertheless, the undersigned has considered her belated opposition to the motion. Thus, to the extent she seeks leave to separately file her opposition brief (Doc. 13-3), the motion (Doc. 13) is DENIED as MOOT. For the reasons stated below, the Court finds Defendants' Motion to Dismiss (Doc. 10) due to be GRANTED.

## I.    PLAINTIFF'S COMPLAINTS

This consolidated case involves the complaints Plaintiff Kimberly Ford brought in the Circuit Court of Madison County. *Kimberly A Ford v. Hon. Liles C. Burke*, 5:26-cv-255-ECM-KFP (Doc. 1-1),[2] and *Kimberly A Ford v. Hon. R David Proctor*, Case No. 5:26-cv-284-ECM-KFP (Doc. 1-1).[3] The Defendants in the respective cases, Judge Burke[4] and Judge Proctor,[5] removed their cases to the Northern District of Alabama. *See Ford I* (Doc. 1), *Ford II* (Doc. 1).

---

the undersigned will cite to *Ford I* (Docs. 10, 11, 17). When referencing Plaintiff's Motion, response, and reply, the undersigned will cite to *Ford I* (Docs. 13, 13-1, 18).

[2] Throughout this Recommendation, this case will be referred to as *Ford I*.

[3] Throughout this Recommendation, this case will be referred to as *Ford II*.

[4] Judge Burke's case was removed on February 11, 2026.

[5] Judge Proctor's case was removed on February 17, 2026.

In *Ford I*, Ford appears pro se and alleges facts related to separate cases involving the Brackins El Private Estate Trust, a "perfected private express trust" involved in an enforcement petition in the Madison County Circuit Court beginning July 24, 2025. Doc. 1-1 at 2. After the case was removed to federal court, Ford sought remand to state court. *Id.* at 2. Ford alleges the federal court lacked subject matter jurisdiction to consolidate "five removed trust cases[.]" *Id.* at 2–3. Ford alleges Judge Burke entered a "Retaliatory 'Disbarment' Order" on January 23, 2026, resulting in Ford's disbarment from the Northern District federal bar. *Id.* at 3. In *Ford II,* Ford alleges Judge Proctor improperly relied on Judge Burke's disbarment order when he issued an order removing her from a different case. *Ford II* (Doc. 1-1 at 1).

In the attachments to *Ford I*, Ford includes an order from the Northern District that provides context to the nature of the claims involving her client, Brackins El. *Ford I* (Doc. 1-1). Ford was representing Brackins El in a series of cases "arising from the same 'grievances' and 'nucleus of fact: his suspension from federal employment.'" *Id.* at 21. In the Order, the Court noted that the cases[6] involving Brackins El involved "frivolous theories of sovereign citizenship" that have no basis in law. *Id.* at 17.

During the course of the litigation in these cases, the Court noted Ford's failure to appear at hearings on the Government's motions to dismiss (*Id.* at 11–13),[7] an in-person

---

[6] *Brackins El v. Nelson*, 5:24-cv-1244-LCB (N.D. Ala. Sept. 11, 2024); *Brackins El. v. Stewart*, 5:25-cv-581-LCB (N.D. Ala. Apr. 17, 2025); *Brackins El Priv. Est. v. White*, 5:25-cv-1568-LCB (N.D. Ala. Sept. 12, 2025); *Brackins El Priv. Est. Tr. v. Bondi*, 5:25-cv-1600-LCB (N.D. Ala. Sept. 18, 2025); *Brackins El. Priv. Est. Tr. v. Mack*, 5:25-cv-1607-LCB (N.D. Ala. Sept. 19, 2025).
[7] *Nelson*, 5:24-cv-1244-LCB; *Stewart*, 5:25-cv-581-LCB

status conference (*Id.* at 18–19),[8] and a telephone status conference (*Id.* at 19–20).[9] It was at this juncture the Government moved to consolidate the three remaining[10] cases.[11] *Id.* at 20–21. The Order reflects that at this point, Ford filed "an 'ex-parte notice of removal to the Alabama Supreme Court' concerning 'All Trust Cases Improperly Removed to Federal Jurisdiction.'" *Id.* at 21.

In this Notice, Ford "warned the Court" of "escalation and consequences" and "referral to the Judicial Inquiry Commission and Alabama State Bar." *Id.* at 22. Ford also threatened she would refer opposing counsel to the Alabama State Bar and demand sanctions. *Id.* at 23. Eventually, Ford filed a separate action against opposing counsel. *Id.* at 25. This case was consolidated with the other three. *Id.* at 27.

Ultimately, the Court found Ford had violated Federal Rule of Civil Procedure 11(b)(2) by putting forth frivolous sovereign citizen theories in a plethora of filings. *Id.* at 39–47. The Court separately found Ford violated Alabama Rule of Professional Conduct 3.3(a)(1) by making false statements of law involving "conspiracy and legal revisionist theories of 'sovereign citizens[.]'" *Id.* at 47 (citing *Santiago v. Century 21/PHH Mortg.*, 2013 WL 1281776, at *5 (N.D. Ala. Mar. 27, 2013)). The Court further found Ford engaged in bad-faith misconduct "by threatening opposing counsel with litigation, sanctions, criminal liability, and referrals to state bar disciplinary committees." *Id.* at 48. The Court

---

[8] *White*, 5:25-cv-1568-LCB.
[9] *White*, 5:25-cv-1568-LCB.
[10] *Stewart* and *Nelson* were dismissed at this point. *See Ford I* (Doc. 1-1 at 20).
[11] *Brackins El Priv. Est. v. White*, 5:25-cv-1568-LCB (N.D. Ala. Sept. 12, 2025); *Brackins El Priv. Est. Tr. v. Bondi*, 5:25-cv-1600-LCB (N.D. Ala. Sept. 18, 2025); *Brackins El. Priv. Est. Tr. v. Mack*, 5:25-cv-1607-LCB (N.D. Ala. Sept. 19, 2025).

concluded Ford's actions—violating five Court orders by skipping hearings and ignoring deadlines—were sanctionable. *Id.* at 53–56. The Court sanctioned Ford with disbarment, finding because Ford put forth frivolous sovereign citizen theories and rejected the Court's authority, disbarment was appropriate and "no lesser alternatives would suffice." *Id.* at 54– 60. The judge presiding over the consolidated matters was Judge Burke. *Id.* at 62.

## II.    STANDARD OF REVIEW

"Because federal courts are courts of limited jurisdiction," the Court must determine at the outset whether it has subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Because subject matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine Ltd.*, 411 F.3d at 1247). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

"A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction, and Rule 12(b)(1) permits a facial or factual attack." *Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014).[12] (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). A facial challenge attacks

---

[12] Here, and elsewhere in this Recommendation, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

"whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990) (per curiam)). This is a similar standard to the Rule 12(b)(6) standard. *Willett*, 24 F. Supp. at 1173. Alternatively, a factual challenge attacks "the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Kennedy*, 998 F.3d at 1230.

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). To "state a claim to relief that is plausible on its face[,]" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (first quoting *Twombly*, 550 U.S. at 570). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (per curiam) (quoting

6

*Twombly*, 550 U.S. at 556). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.*

## III.    DISCUSSION

In *Ford I*, Plaintiff lists six counts against Judge Burke. Plaintiff seeks a declaratory judgment that all post-removal orders are void (Count I); injunctive relief (Count II); defamation (Count III); judicial retaliation and abuse of process (Count IV); trespass upon the trust res (Count V); and Motion to Vacate Void Order (Count VI).[13] Doc. 1-1 at 3–4. In *Ford II*, Plaintiff alleges four Counts against Judge Proctor. Doc. 1-1 at 2. Plaintiff alleges retaliatory abuse of process (Count I); defamation and reputational harm (Count II); violation of state constitutional rights (Count III); and ultra vires actions outside judicial function (Count IV). Doc. 1-1 at 2.

### A.    Westfall Act Certification

Here, the Attorney General certified Judges Burke and Proctor were acting in the scope of their employment during the conduct alleged. *See Ford I* (Doc. 3-1); *Ford II* (Doc. 2-1). In Plaintiff's motion, response, and reply (Docs. 13, 13-3, 18), she disputes the Westfall Act certification. She argues "[t]his case is pleaded as a personal-capacity state tort and constitutional misconduct action, based on conduct outside lawful authority and outside any protected scope of federal employment" and that by certifying pursuant to the Westfall Act, "Defendants seek to convert disputed personal-capacity conduct into automatic federal immunity[.]" Doc. 13-3 at 15. She further argues "Westfall certification

---

[13] While Plaintiff's Complaint cites an "Additional Count Motion [sic] to Vacate Void Order," Doc. 1-1 at 4, the two citations within this section are further fleshed out in Count VI and are redundant, so the Court finds no need to address this as a separate count.

is judicially reviewable and does not compel automatic substitution or dismissal where scope is disputed." (Doc. 18 at 2 (citing *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417 (1995))). Plaintiff seeks to remand the case back to Madison County Circuit Court. *See* Docs. 13, 13-3 18.

Defendants are federal judges. Pursuant to the Westfall Act, federal judges are "employees of the government." 28 U.S.C. § 2671 (describing the "judicial . . . branch[]" as a federal agency). Under this statute, after the Attorney General certifies that the "defendant employee was acting within the scope of his office or employment" during the alleged actions, the action will be "deemed an action against the United States[,]" and the United States will be substituted. 28 U.S.C. § 2679. "[O]nce an Attorney General makes a scope-of-employment certification under § 2679(d)(2), the suit must proceed in federal court, and the district court may not remand the suit even if the certification was erroneous." *Thomas v. Phoebe Putney Health Sys.*, 972 F.3d 1195, 1202 (11th Cir. 2020). "Ordinarily, when the plaintiff moves to remand a removed case for lack of subject-matter jurisdiction, the federal district court undertakes a threshold inquiry; typically the court determines whether complete diversity exists or whether the complaint raises a federal question." *Osborn v. Haley*, 549 U.S. 225, 243 (2007). However, "[i]n Attorney General certified Westfall Act cases . . . no threshold determination is called for; the Attorney General's certificate forecloses any jurisdictional inquiry," and "Congress has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination." *Id.* This does not mean that the Westfall certification cannot be reviewed by district courts,

8

but it does mean that the "evaluation only goes to the question of whether the United States is the proper defendant for the suit, not to the distinct question of removal jurisdiction." Doc. 17 at 6 (citing *Osborn*, 549 U.S. at 242 ("Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant for purposes of trial if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect.")).

Therefore, pursuant to the completion of the requisite steps under 28 U.S.C. § 2679(d)(1), the United States is substituted as the proper defendant for Plaintiff's state law claims.[14]

When the United States is substituted as a defendant, the Federal Tort Claims Act is the exclusive remedy. For this reason, the state law claims must be addressed under the FTCA. *See* 28 U.S.C. § 2679(b)(1) (establishing the FTCA as the "exclusive" remedy). "Sovereign immunity protects the federal government and its agencies from civil liability." *Knezevich v. Carter*, 805 F. App'x 717, 724 (11th Cir. 2020) (per curiam) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "The FTCA, however, provides a limited waiver of sovereign immunity for tort claims." *Id.* (citing *Motta v. United States*, 717 F.3d 840, 843 (11th Cir. 2013)). "Through the enactment of the FTCA, the federal government has, as a general matter, waived its immunity from tort suits based on state law tort claims." *Caldwell v. Klinker*, 646 F. App'x 842, 845–46 (11th Cir. 2016) (per curiam) (quoting *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015)). "The Act confers on federal

---

[14] All ten of Plaintiff's counts are state law claims. Contained within these state law claims are two additional constitutional claims, which the Court will address separately.

district courts exclusive jurisdiction to hear claims against the United States for money damages 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Knezevich*, 805 F. App'x at 724 (quoting 28 U.S.C. § 1346(b)(1)). "[C]onstitutional claims are not cognizable under the FTCA." *Thibeaux v. United States AG*, 275 F. App'x 889, 892 (11th Cir. 2008) (per curiam) (citing *Meyer*, 510 U.S. at 478).

Therefore, because the matter was properly removed pursuant to the Westfall Act, *Thomas*, 972 F.3d at 1203 ("the Attorney General's certification [is] conclusive for purposes of removal."), Plaintiff's Motion for Leave to File Motion to Remand is due to be denied as moot.

## B.       The Court lacks subject matter jurisdiction for Ford's FTCA claims.[15]

Ford alleges a series of state law claims against Defendants. In *Ford I & II*, Ford alleges defamation and abuse of process (*Ford I* Counts III, IV; *Ford II* Counts I, II). Ford also alleges other state law claims against Defendants. In *Ford I*, she alleges "all post-removal orders are void" (Count I); she seeks injunctive relief (Count II); she alleges "trespass upon the trust res" (Count V); and she seeks to have the Court "vacate void order of January 23, 2026[.]" (Count VI). In *Ford II*, she alleges "violation of state constitutional rights" (Count III) and "ultra vires actions outside judicial function" (Count IV). Under Rule 12(b)(1), the undersigned will first assess whether the Court has subject matter

---

[15] Defendants argue that the FTCA does not allow for equitable relief, attorneys fees, or punitive damages. Doc. 11 at 16–17. Equitable relief is not available under the Federal Tort Claims Act, as the only form of relief authorized under the Federal Tort Claims Act is money damages. *Birnbaum v. United States*, 588 F.2d 319, 335 (2nd Cir. 1978) (citing 28 U.S.C. § 1346(b)). Thus, any claims for injunctive relief arising out of the tort claims are due to be dismissed because equitable relief is not a remedy under the FTCA.

jurisdiction over Ford's FTCA claims. Next, the undersigned will address whether sovereign immunity bars the review of Plaintiff's defamation and abuse of process claims.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). "Unless and until a claimant has exhausted his administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction." *Caldwell*, 646 F. App'x at 846 (citing *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008)). To exhaust administrative remedies, "[b]efore instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed." *Turner*, 514 F.3d at 1200 (citing 28 U.S.C. § 2675(a)). "The plaintiff has the burden of alleging that he or she has exhausted her administrative remedies in order to survive a motion to dismiss for lack of subject-matter jurisdiction." *Armstrong v. Whitaker*, 2019 U.S. Dist. LEXIS 75841, at *6 (N.D. Ala. May 6, 2019) (citing *Dalrymple v. United States*, 460 F.3d 1318, 1324–26 (11th Cir. 2006); *Pompey v. Coad*, 314 F. App'x 176, 179 (11th Cir. 2008) (per curiam) (finding that because the plaintiff "did not allege facts sufficient to show that he exhausted administrative remedies—a jurisdictional prerequisite to his suit under the FTCA—the district court properly dismissed his complaint")).

Ford has not demonstrated she exhausted her administrative remedies. Nowhere in her Complaints does Ford indicate she properly "presented the claim to the appropriate Federal agency" and that the claim was either denied by the agency or that six months passed. *Caldwell*, 646 F. App'x at 846. Because it is a jurisdictional prerequisite for a

11

plaintiff to have exhausted her administrative remedies and "allege facts sufficient" in support, *Pompey*, 314 F. App'x at 179, Ford has not established the Court has jurisdiction over the state law claims. For this reason, the undersigned finds that Ford's state law claims contained in *Ford I* (Counts I–VI) and *Ford II* (Counts 1–IV) are due to be dismissed.

### C.   Plaintiff's defamation and abuse of process claims are also barred by sovereign immunity.

Plaintiff's Complaint includes the claims of defamation and abuse of process (*Ford I* Counts III, IV; *Ford II* Counts I, II). Defendants argue these claims fall outside the waiver of sovereign immunity and that Defendants are therefore immune. Doc. 11 at 10–13.

There is an exception to the FTCA's immunity waiver in 28 U.S.C. § 2680(h) "which preserves the government's immunity from suit on '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" *Knezevich*, 805 F. App'x at 724 (quoting 28 U.S.C. § 2680(h)). To assess whether a claim falls within an exception, courts must look to "the substance of the claim and not the language used in stating it[.]" *Zelaya,* 781 F.3d at 1334 (quoting *Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir. 1975)).[16] "[A] cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action

---

[16] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim." *Metz v. U.S.*, 788 F.2d 1528, 1534 (11th Cir. 1986).

### 1.      Defamation

Plaintiff alleges "defamation" against both Judges Burke and Proctor. *Ford I*, Count III; *Ford II*, Count II. "There are two types of defamation: libel. . . , which involves the use of print media to publish the defamatory comment, and slander, which involves the oral expression of a defamatory comment." *Blevins v. W.F. Barnes Corp.*, 768 So.2d 386, 390 (Ala. Civ. App. 1999). Because the government preserves its immunity for libel and slander claims, *Knezevich*, 805 F. App'x at 724, Defendants retain sovereign immunity for these claims, and the claims are due to be dismissed for this additional reason. *See Smith v. Sec'y, U.S. Dept. of Comm.*, 495 F. App'x 10, 12 (11th Cir. 2012) (per curiam) ("The FTCA specifically states that it does not waive the United States's sovereign immunity for claims arising out of libel and slander.").

### 2.      Abuse of process

Plaintiff alleges "abuse of process" against both Judges Burke and Proctor. *Ford I*, Count IV; *Ford II*, Count I. The intentional tort of "abuse of process" is specifically excluded from the waiver of immunity in 28 U.S.C. § 2680(h). *Knezevich*, 805 F. App'x at 724 (quoting 28 U.S.C. § 2680(h)). These claims are thus due to be dismissed because Defendants have sovereign immunity.

**D.     Counts I, V, VI (*Ford I*) and Counts III and IV (*Ford II*) fail to state a claim.**

Finally, even if Plaintiff properly exhausted administrative remedies, Plaintiff's claims, including from *Ford I*, "all post-removal orders are void" (Count I); "trespass upon the trust res" (Count V); "vacate void order of January 23, 2026[.]" (Count VI), and, from *Ford II*, "violation of state constitutional rights" (Count III) and "ultra vires actions outside judicial function" (Count IV), are due to be dismissed for Plaintiff's failure to state a claim. Defendants argue that these claims are due to be dismissed because the claims against Judge Proctor contain "no supporting factual allegations at all" and the claims against Judge Burke "provide[] no description at all of the alleged conduct providing the basis for each count." Doc. 11 at 27. Under Rule 12(b)(6), the undersigned will address Plaintiff's failure to state a claim in Counts I, V, VI (*Ford I*) and Counts III and IV (*Ford II*). Next, to the extent Ford alleges a question of federal law or allegation that "implicate[s] this Court's jurisdiction," Doc. 11 at 20, the undersigned will address Defendants' defense of judicial immunity pursuant to Rule 12(b)(6).

Plaintiff cites Ala. Code § 6-6-2 to support her "declaratory judgment that all post-removal orders are void" cause of action. Doc. 1-1 at 3. This code section provides "[w]hen no action is pending," "parties to any controversy may refer the determination thereof to the decision of arbitrators to be chosen by themselves, and the award made pursuant to the provisions of this division must be entered up as to the judgment of the proper court if the award is not performed." Ala. Code § 6-6-2. This citation appears errant. Based on the record, there is no arbitration at issue or requested here. Plaintiff cites to *Ex parte Safeway*

14

*Ins. Co. of Ala., Inc.*, 990 So.2d 344, 352–53 (Ala. 2008), which involves the Supreme Court's award of a writ of mandamus dismissing a failure to pay insurance claim because the trial court lacked subject matter jurisdiction. Plaintiff has not shown how these circumstances are analogous to this case. Plaintiff has presented no basis for her purported independent cause of action for "declaratory judgment that all post-removal orders are void."

Further, Plaintiff's "violation of state constitutional rights" claim (*Ford II*, Count III) and "Motion to Vacate Void Order" (*Ford I*, Count VI) are comprised wholly of conclusory statements. In relation to "Motion to Vacate Void Order," Plaintiff cites to Rule 60(b)(4) and argues because the disbarment order "was entered without any lawful authority [it] is therefore void ab initio." Doc. 1-1 at 4. In relation to the "state constitutional rights" claim, Plaintiff simply concludes "Defendant's conduct violated Plaintiff's right to due process, freedom of speech and petition, and access to courts" and provides no factual context for what conduct allegedly violated her rights, or when and how this conduct occurred. Doc. 1-1 at 2.  Finally, in relation to Plaintiff's claims labeled trespass upon the trust res (*Ford I*, Count V); and ultra vires actions outside judicial function (*Ford II*, Count IV), Plaintiff cites to no statute, case law, or other authority corresponding to a state law duty. Plaintiff also presents no factual matter providing context for any of these vague claims. *See Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks and citation omitted). To comply with the Federal Rules of Civil Procedure, a plaintiff is required to set forth both a cognizable legal

15

claim and sufficient factual allegations to support the asserted claim, thereby showing that he is plausibly entitled to the relief being sought. Fed. R. Civ. P. 8(a)(2)–(3). Plaintiff has failed to do that here.

For these reasons, Plaintiff's claims (*Ford I*, Counts I, V, VI; *Ford II*, Counts III, IV) are due to be dismissed for Plaintiff's failure to state a claim.

> **E.      The remaining claims against Judge Burke and Judge Proctor must be dismissed.**

In addition to the claims in Counts I, V, VI (*Ford I*) and Counts III and IV (*Ford II*), Ford also asserts a claim against each defendant invoking federal law or the jurisdiction of the court. In *Ford I,* Ford alleges Judge Burke committed a retaliatory abuse of process and acted without jurisdiction. Doc. 1-1 at 2–5. In *Ford II*, Ford alleges Judge Proctor committed a "retaliatory abuse of process" and also that Judge Proctor acted without jurisdiction. Doc. 1-1 at 2–3. In *Ford I*, Ford also seeks injunctive relief (*Ford I*, Count II); Defendants argue that to the extent that Ford's claims "involve questions of federal law or otherwise implicate this Court's jurisdiction," then these claims "must be dismissed because Judges Burke and Proctor enjoy absolute judicial immunity." Doc. 11 at 20–21. Plaintiff disputes the application of judicial immunity and argues the "category of conduct" at issue is "non-judicial, extra-jurisdictional, and personal-capacity acts." Doc. 13-3 at 19.

"A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). When determining "whether a judge enjoys absolute judicial immunity for a particular act, [the Court] ask[s] whether the

16

judge acted in his judicial capacity." *Id.* The Court "look[s] at the nature and function of his act, not the propriety of the act itself, and consider[s] whether the nature and function of the particular act is judicial." *Id.* at 1330–31.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (quoting *Stump*, 435 U.S. at 356–57). "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity." *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996). If the plaintiff was not dealt with in a judicial capacity, then the judge has no immunity. *Id.* at 1085. "If the judge was dealing with the plaintiff in his judicial capacity, however, the second part of the test is whether the judge acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 357).

Here, Ford alleges Judge Burke's orders were entered without jurisdiction, and that these actions were a retaliatory abuse of process. Doc. 1-1 at 3–4. Likewise, Ford alleges Judge Proctor acted without jurisdiction and committed a retaliatory abuse of process by enforcing Judge Burke's order. Doc. 1-1 1–2. The facts alleged involve actions Judges Burke and Proctor took in their judicial capacity: specifically, the capacity to enter and enforce orders. Thereby, the first part of the test is satisfied. *Simmons*, 86 F.3d at 1084.

Turning to the second part of the test, in relation to Judge Burke, Plaintiff asserts, "The Retaliation Order . . . was entered after the court had been divested of jurisdiction[,]" and that the order was "entered in the clear absence of subject-matter jurisdiction." Doc. 1-1 at 3. Likewise, as it pertains to Judge Proctor, Ford states that Judge Proctor's "reli[ance]

17

on a disbarment order" was an action that "had no legal basis and exceeded the limits of any judicial discretion." Doc. 1-1 at 1–2.

Ford's allegations are comprised wholly of conclusory allegations, not facts. Plaintiff's assertion that Judge Burke's order was "entered in the clear absence of subject-matter jurisdiction" and that Judge Proctor's reliance on the order "had no legal basis" do not comprise factual matter supporting "whether the judge acted in the 'clear absence of all jurisdiction.'" *Simmons*, 86 F.3d at 1085. Pursuant to Federal Rule of Civil Procedure 42(a), federal judges have authority to consolidate cases. Fed. R. Civ. P. 42(a). Likewise, "bar admissions, bar disciplinary actions, and disbarments are essentially judicial in nature[.]" *In re Calvo*, 88 F.3d 962, 965 (11th Cir. 1996) (per curiam); *accord McFarland v. Folsom*, 854 F. Supp. 862, 875 (M.D. Ala. 1994) ("it is within the exclusive province of the judiciary to determine who is to be permitted to practice before the courts"). Apart from Ford's conclusory allegations that Defendants' actions were committed in the "absence of jurisdiction," Ford has not pleaded facts supporting her contention. Further, the actions Ford complains of, i.e., entering consolidation orders, disbarment orders, and enforcing prior orders, are all activities that fall within the purview of the judiciary.

In addition, Plaintiff seeks injunctive relief against Judge Burke. *Ford I* (Doc. 1-1 at 3, Count II). For these claims, "[j]udicial immunity . . . is not a complete bar to declaratory relief or 'prospective relief against a judicial officer acting in his or her judicial capacity.'" *Cohan v. Calhoun*, 2026 U.S. Dist. LEXIS 33820, at *5 (M.D. Ala. Feb. 19, 2026) (citing *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam)). "[I]n an action against a judicial officer for acts taken

18

in that role, injunctive relief may be granted only if 'a declaratory decree was violated or declaratory relief was unavailable.'" *Id.* (quoting 42 U.S.C. § 1983). "In addition, there must be an 'absence of an adequate remedy at law.'" *Id.* (citing *Bolin*, 225 F.3d at 1242). To establish a right to declaratory or injunctive relief, "plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Id.* (quoting *Bolin*, 225 F.3d at 1242).

Here, Ford's claims pertain only to those actions Judge Burke took while in his official capacity. Those actions involve his entering orders for cases pending before him on his docket. *See Ford I* (Doc. 1-1). While Ford seeks a "permanent injunction against enforcement or publication" of the disbarment order, Plaintiff has not shown how the entry of this order violated a declaratory decree or otherwise violated her rights warranting injunctive relief. *See Cohan*, 2026 U.S. Dist. LEXIS 33820, at *6 (finding that judicial immunity "extends to [the plaintiff's] claims of declaratory and injunctive relief" because "the allegations in the Amended Complaint do not show 'a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.'" (quoting *Bolin*, 225 F.3d at 1242)). For this reason, Judge Burke has judicial immunity from Ford's claim seeking injunctive relief in Count II. *See Ford I* (Doc. 1-1 at 3).

As explained, in their capacity as judges, Judges Burke and Proctor enjoy absolute immunity from suit for those actions performed in their capacity as judges. Ford has not established a claim for injunctive relief. For these reasons, to the extent Ford's Complaints

19

in *Ford I* and *Ford II* allege a federal cause of action, these claims are due to be dismissed on the basis of absolute judicial immunity.[17]

## IV.    CONCLUSION

For the above reasons, the undersigned RECOMMENDS

1. Judges Burke and Proctor's Motion to Dismiss (Doc. 10) **(Case No. 5:26-cv-255-ECM-KFP)**, Doc. 8 (Case No. 5:26-CV-284-ECM-KFP) be GRANTED.

2. The consolidated action comprised of *Kimberly A Ford v. Honorable Liles C. Burke*, 5:26-cv-255-ECM-KFP and *Kimberly A Ford v. R David Proctor*, Case No. 5:26-cv-284-ECM-KFP be DISMISSED.

3. Plaintiff's Motion (Doc. 13) be DENIED as MOOT.

Further, it is ORDERED that on or before **May 26, 2026**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the

---

[17] Because the grounds addressed are dispositive, the undersigned need not address the other grounds for dismissal raised by the Government.

Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

   DONE this 11th day of May, 2026.

_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE